# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Lisa Aucoin<br>*Plaintiff*<br><br>v.<br><br>Hartford Life Insurance Company<br>*Defendant* | Civil Action No.: 2020-cv-3252<br><br>Section: |

## COMPLAINT

The Complaint of Lisa Aucoin respectfully alleges:

1. This is a claim for ERISA disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. seq.

3. Plaintiff, Lisa Aucoin, of lawful age and a resident of Terrebonne Parish, Louisiana, is a plan participant and beneficiary of an ERISA plan ("The Plan") created by her former employer, Pro Oil & Gas Services, LLC (hereinafter "Employer"), and an insured participant of a group disability policy issued by Hartford Life Insurance Company.

4. Defendant, Hartford Life Insurance Company ('"INSURER"), is a foreign corporation authorized and doing business in Louisiana.

5. INSURER issued a group policy insuring the employees of Employer. The Plan granted INSURER, the right and authority to control and manage the operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators and fiduciaries discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. INSURER is a fiduciary of The Plan under the applicable laws and regulations.

8.     Plaintiff's treating physician(s) have set forth limitations on rendering Plaintiff

       disabled under the terms of the policy.

9.     Plaintiff filed a claim for disability benefits under The Plan with INSURER due to medical

       condition(s) precluding continued performance of job duties on a fulltime basis.

10.    Plaintiff is disabled under the terms of the disability policy issued by INSURER.

10.    INSURER unlawfully denied Plaintiff benefits under terms of the disability policy.

11.    Plaintiff appealed the denial, but INSURER upheld its arbitrary and capricious decision.

12.    INSURER's denial is based on insubstantial evidence and is arbitrary and capricious and

       an abuse of discretion.

13.    Plaintiff has exhausted administrative remedies and now timely files this suit to reverse

       INSURER's denial of benefits.

14.    INSURER has abused its discretion as plan administrator by denying Plaintiff's claim for

       disability benefits in bad faith.

15.    INSURER has abused its discretion by failing to consider the disabling, synergistic effect

       of all of Plaintiff s medical conditions.

16.    INSURER has abused its discretion by failing to consider the medical condition(s) in

       relation to the duties of all occupations.

17.    INSURER administered Plaintiff's claim with an inherent and structural conflict of interest

       as INSURER is liable to pay benefits from its own assets to Plaintiff, and each payment

       depletes INSURER's assets.

18.    INSURER has failed to give the policy and Plan a uniform construction and

       interpretation.

19.    INSURER chooses to conduct reviews of denied claims in order to maintain strict control

over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

20.     As a routine business practice, INSURER uses the appeals process to support initial benefit denials instead of impartially reviewing whether reversal is appropriate.

21.     INSURER's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

22.     Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

23.     Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

24.     Defendant's denial has required Plaintiff to hire an attorney to represent her in this matter to recover benefits due Plaintiff under the Plan.

25.     Plaintiff is entitled to attorney fees for all actions taken against Defendant in a court of law.

WHEREFORE, Lisa Aucoin prays for judgment against Hartford Life Insurance Company as follows:

1.      For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2.      For all reasonable attorney fees;

3.      For costs of suit; and,

4.      For all other relief as the facts and law may provide.

Respectfully submitted,

*/s/Loyd J. Bourgeois, Jr.*
Loyd J. Bourgeois, Jr., La. Bar No. 29771
13755 River Road, Suite A
Luling, Louisiana 70070
Tel: (985) 240-9773; Fax: (866) 882-3988
Email: loyd@ljblegal.com
*Attorney for Plaintiff*